IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THOMAS EVERSON,**

                        **Petitioner,**

        v.                                    **CASE NO. 06-3294-SAC**

**KANSAS DEPARTMENT OF CORRECTIONS,**

                        **Respondent.**

### O R D E R

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis in this habeas action.

As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) effective April 24, 1996, a one year limitations period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  In most cases, this limitations period begins on "the date on which the judgment became final by . . . the expiration of time for seeking [direct] review."  28 U.S.C. § 2244(d)(1)(A).[1]  The running of that

---

[1] 28 U.S.C. § 2244(d)(1) states the limitations period "shall run from the latest of:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

one year limitations period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).  For pre-AEDPA convictions, a state prisoner had a year from April 24, 1996, to seek federal habeas relief. *See* <u>Miller v. Marr</u>, 141 F.3d 976 (10th Cir. 1998)(one year grace period applies to state prisoners challenging pre-AEDPA convictions).

Applying these statutes to the dates provided by petitioner in his application, the court finds this matter should be dismissed because the application is not filed within the limitations period imposed by 28 U.S.C. § 2244(d)(1).  *See* <u>Jackson v. Sec. for Dept. of Corrections</u>, 292 F.3d 1347 (11th Cir. 2002)(joining other circuits in holding that district court has discretion to review sua sponte the timeliness of a 2254 petition even though the statute of limitations is an affirmative defense).

Petitioner alleges constitutional error in his 1980 state convictions.  Petitioner had one year from April 24, 1996, to seek relief on such allegations regarding these pre-AEDPA convictions, but there is nothing in the record to indicate petitioner did so.[2] Although petitioner identifies a motion for post-conviction relief

---

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

   [2]Petitioner filed a habeas petition in this court in 1995 which the court dismissed without prejudice on January 29, 1996, based upon petitioner's failure to exhaust state court remedies on the claims asserted in that habeas petition.  *See* <u>Everson v. Nelson</u>, Case No. 95-3448-DES.

he filed in the state courts in 2004, this was well after the one-year limitations period had expired. The denial of relief in that state post-conviction proceeding[3] did not begin anew a one-year limitations period for seeking federal habeas corpus relief. *See also* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).

Thus on the face of the record the instant petition is filed well outside the one year period allowed under 28 U.S.C. § 2244(d)(1). Nor has petitioner suggested any circumstances that existed which might warrant equitable tolling of the limitations period. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001).

Accordingly, the court directs petitioner to show cause why this action should not be dismissed as time barred. The failure to file a timely response may result in the dismissal of the petition for the reasons stated herein, and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20)

---

[3]Petitioner's state court appeal from the denial of relief is currently pending before the Kansas Supreme Court on a petition for review.

days to show cause why the petition should not be dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 24th day of October 2006 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge