IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THOMAS EVERSON,**

        **Petitioner,**

    v.            CASE NO. 06-3294-SAC

**KANSAS DEPARTMENT OF CORRECTIONS,**

        **Respondent.**

## O R D E R

  Petitioner proceeds pro se and in forma pauperis on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The court reviewed the petition and directed petitioner to show cause why this action should not be dismissed as not timely filed within the one years limitations period imposed by 28 U.S.C. § 2244(d)(1). Having reviewed petitioner's response, the court finds the petition should be dismissed.

  As stated in the court's previous order, petitioner had one year from enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996, to seek federal habeas corpus relief regarding his pre-AEDPA conviction. Petitioner does not dispute that he failed to do so within that one year period, and more significantly, failed to file a state post-conviction action within that one year period to toll the running of the § 2244(d)(1) limitations period. Petitioner's state post-conviction motion filed in 2004 simply had no tolling effect on the already expired federal limitations period. Petitioner's arguments for tolling would be accurate only if he had filed his state court action before the §

2244(d)(1) limitations period had expired.

Petitioner alternatively argues he is entitled to equitable tolling of the limitations period because he was held in long term in administrative segregation without access to legal resources or materials, and because appointed counsel in his recent state post-conviction action advised petitioner to now pursue federal remedies.

Equitable tolling, however, "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). *See also* Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling of AEDPA limitations period is limited to rare and exceptional circumstances).  Petitioner does not allege specific facts as to how the alleged denial of legal resources impeded his ability to timely file either a federal habeas or state post-conviction action, and a general claim that legal resources were lacking is insufficient for equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  Also, attorney error generally does not give rise to equitable tolling. *See* Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999). Finally, petitioner's conclusory claim of innocence is insufficient to establish a "rare and exceptional circumstance" for which equitable tolling might be appropriate, and there is nothing to support a finding that petitioner diligently pursued relief on any of his claims.

Accordingly, because petitioner did not file his petition within the limitations period set forth in 28 U.S.C. § 2244(d)(1), and has not demonstrated that equitable tolling of the limitations

2

period is warranted in this case, the court concludes the petition should be dismissed as time barred.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 8th day of November 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3